UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE L. MAURER,

    Plaintiff,                                    Case No: 1:12-cv-647

v                                                  HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

      Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's two objections to the Report and Recommendation. Defendant did not file a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portions of the Report and Recommendation to which Plaintiff objects. The Court denies the objections and enters this Opinion and Order.

**I**

      Plaintiff argued that the ALJ erred in failing to properly consider Listings 12.04 (affective disorders) and 12.06 (anxiety related disorders). In his Report and Recommendation, the Magistrate Judge determined that the ALJ's decision that Plaintiff failed to meet or equal Listings 12.04 or 12.06 is supported by substantial evidence as reflected in Exhibit 3E (adult function report,

Administrative Record [AR] 216-23), Exhibit 11F (consultative examination by R. Scott Lazzara, M.D., AR 469-73), and Exhibit 12F (psychiatric/psychological medical report by Steve Geiger, Ph.D., AR 475-79) (R&R, Dkt 17 at 5-8).

In his first objection to the Report and Recommendation, Plaintiff argues that the medical records and testimony, "fairly assessed," show that a listing was met (Obj., Dkt 20 at 2-6). However, Plaintiff's discussion of the evidence merely demonstrates his disagreement with the ALJ's decision that his impairments, considered singly and in combination, do not meet or medically equal the criteria of Listings 12.04 and 12.06. Plaintiff's argument does not show that the Magistrate Judge committed any factual or legal error in his review. "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001). "This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Id.* Indeed, "[e]ven in cases where the claimant has had an impairment which came very close to meeting a listing, this court has refused to disturb the Secretary's finding on medical equivalence." *Retka v. Comm'r of Soc. Sec.*, 70 F.3d 1272, at *2 (6th Cir. 1995) (citing *Dorton v. Heckler*, 789 F.2d 363, 366 (6th Cir. 1986) (per curiam); and *Price v. Heckler*, 767 F.2d 281, 284 (6th Cir. 1985) (per curiam)). Plaintiff's first objection is therefore denied.

**II**

Plaintiff also argued that the ALJ erred by failing to consider the combined effects of his mental illness and physical symptoms of everyday pain, a combination that Plaintiff opined renders him unable to perform competitively in the work force. The Magistrate Judge found no merit in Plaintiff's argument, determining that the record reflects that the ALJ took into account all of

Plaintiff's impairments in reaching the determination that he could perform a limited range of light work (R&R, Dkt 17 at 14-16). Specifically, the Magistrate Judge pointed out that the ALJ stated the proper standard and that the ALJ properly determined Plaintiff's residual functional capacity (RFC) by considering Plaintiff's "impairments" (including impairments that are not severe) (AR 14-15), discussing each of Plaintiff's impairments individually (AR 15-20), and reaching his decision "[a]fter careful consideration of the entire record" (AR 15) (R&R, Dkt 17 at 16).

In his second objection to the Report and Recommendation, Plaintiff restates, nearly verbatim, the arguments he presented to the Magistrate Judge (Obj., Dkt 20 at 6-8). Local Rule 72.3(b) requires a party filing objections to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections," W.D. Mich. LCivR 72.3(b); however, Plaintiff's second objection does not reference any portion of the Magistrate Judge's Report and Recommendation. The "objection" therefore fails to identify any factual or legal error in the Magistrate Judge's review, and this Court declines to give Plaintiff's arguments duplicative consideration, an endeavor that would defeat the purpose and efficiency of consideration by a magistrate judge in the first instance. *See Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991).

In sum, Plaintiff's objections reveal no error by the Magistrate Judge requiring a disposition other than the affirmance recommended by the Magistrate Judge. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 20) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 17) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: March 19, 2014 　　　　　　　　　　　　 /s/ Janet T. Neff　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　 JANET T. NEFF
　　　　　　　　　　　　　　　　　　　　　　 United States District Judge